NOT DESIGNATED FOR PUBLICATION

No. 123,443

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HEATHER LOUISE LUND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Finney District Court; CHRISTOPHER D. SANDERS, judge. Opinion filed December 17, 2021. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before POWELL, P.J., ATCHESON, J., and RICHARD B. WALKER, S.J.

PER CURIAM: Defendant Heather Louise Lund appeals the decision of the Finney County District Court to revoke her probation and impose her underlying prison sentence. We granted Lund's motion for summary disposition under Supreme Court Rule 7.041A (2021 Kan. S. Ct. R. 48) with which the State agreed. Lund asserts the district court abused its discretion by revoking her probation. We find no error and affirm the district court.

FACTUAL AND PROCEDURAL HISTORY

In May 2019, Lund pleaded no contest to one count of possession of methamphetamine with intent to distribute, a severity level 3 drug felony. Two months

1

later, the district court sentenced Lund to 68 months in prison, granted her motion for a downward dispositional departure to probation, and placed her on probation for 36 months to be supervised through Community Corrections.

In November 2019, Lund served a three-day jail sanction issued by Community Corrections for continued drug use. In March 2020, Lund's intensive supervision officer (ISO) filed an affidavit alleging Lund failed to report twice, stayed out past curfew, associated with persons of disreputable or harmful character, and used methamphetamine numerous times. Based on those allegations, the State filed a motion to revoke Lund's probation.

In September 2020, the district court held an adjudication hearing on the State's motion. During the hearing, multiple ISOs testified about the allegations contained in the March 2020 warrant. After the testimony, the district court found the State had met its burden to establish 9 of the 11 allegations contained in the warrant and found that Lund violated her probation.

In November 2020, the district court held a disposition hearing. During this hearing, the district court heard testimony from an ISO and Lund. After this testimony, the State requested the district court revoke Lund's probation, relying on the probation violations, as well as that probation was originally granted as the result of a dispositional departure. In response, Lund argued the district court should reinstate her probation. Ultimately, the district court revoked Lund's probation and imposed her underlying 68-month prison sentence. Lund timely filed a notice of appeal.

ANALYSIS

On appeal, Lund maintains the district court abused its discretion by revoking her probation and ordering her to serve her underlying prison sentence. We review a district

court's decision to revoke probation for an abuse of discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on a material mistake of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). Lund bears the burden of showing an abuse of discretion. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

While a district court ordinarily must impose an intermediate sanction before revoking probation, there are statutory exceptions permitting immediate revocation. See K.S.A. 2020 Supp. 22-3716(c)(1), (c)(7). A district court may revoke a defendant's probation without previously imposing a sanction if "the probation, assignment to a community correctional services program . . . was originally granted as the result of a dispositional departure granted by the sentencing court pursuant to K.S.A. 21-6815, and amendments thereto." K.S.A. 2020 Supp. 22-3716(c)(7)(B).

Lund's ISO alleged she violated her probation in numerous ways in the March 2020 affidavit. Based on the evidence presented during the September 2020 hearing, the district court found that Lund violated her probation. On appeal, Lund does not dispute that determination.

Once a probation violation has been proved and a statutory exception to the requirement for intermediate sanctions applies, the district court has the discretion to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

Lund argues the district court abused its discretion when it revoked her probation and ordered her to serve her underlying prison sentence. But because the district court originally granted probation as the result of a dispositional departure, the district court had the authority to order Lund to serve her underlying prison sentence. The record

shows Lund had continuing and severe substance abuse problems that she repeatedly failed to address successfully while on probation. The district court concluded Lund required the stark reality of imprisonment to confront those problems in a focused and serious way. On appeal, Lund does not point to any errors of law or mistakes of fact in the district court's decision. And we readily conclude other district courts would have reached the same conclusion in comparable circumstances. We, therefore, find no abuse of judicial discretion.

Affirmed.